Mark A. Miller (Utah Bar No. 9563)
**HOLLAND & HART LLP**
222 South Main Street
Salt Lake City, UT 84101
Telephone: (801) 799-5805
Facsimile: (801) 799-5700
mamiller@hollandhart.com

Adam Siegartel (*pro hac vice* to be filed)
Lee M. Popkin (*pro hac vice* to be filed)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
asiegartel@proskauer.com

*Attorneys for Plaintiff Younique, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNIQUE, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MARK M. YOUSSEF,<br><br>   Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Case No.: 2:15-cv-00783-PMW |

Plaintiff Younique, LLC, by its attorneys, states as follows for its Complaint for Declaratory Relief against Defendant Mark M. Youssef:

## NATURE OF THIS ACTION

1. Both parties claim rights in trademarks containing the word "Younique," and this action for declaratory relief arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the federal

Trademark Act), and related state and common law claims concerning trademark infringement, trademark dilution, unfair competition, and deceptive trade practices.

2. Younique, LLC ("Younique") is headquartered in Lehi, Utah, and is a well-known seller of cosmetics, skincare, and beauty products.  In connection with these products, Younique owns and uses the following federally-registered trademark covering the YOUNIQUE PRODUCTS & Design logo (U.S. Reg. No. 4,504,512):



Younique also uses the YOUNIQUE word mark standing alone in connection with its products, and also uses and owns a federal trademark registration covering the "Flourish" design standing alone, this being the design that is incorporated into the logo depicted above (U.S. Reg. No. 4,821,584). Younique's trademark registration certificates are attached to this Complaint as Exhibit 1.

3. Dr. Mark M. Youssef ("Dr. Youssef") is a plastic surgeon whose office is in Santa Monica, California.  Dr. Youssef owns a federal trademark registration for the YOUNIQUE mark covering cosmetic surgery services (U.S. Reg. No. 3,543,530).  Dr. Youssef has also filed a federal trademark application for the YOUNIQUE mark covering various medicated and non-medicated cosmetics (U.S. Serial No. 86/446,733).

4. Dr. Youssef has unequivocally demanded in written correspondence sent to Younique that Younique immediately cease using the YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo.  Dr. Youssef also alleged in his written correspondence to Younique that Younique's use of these marks has confused consumers and constitutes trademark infringement in violation of the

Lanham Act and common law, and that Dr. Youssef has suffered economic damages as a result. Dr. Youssef has also filed a Petition to Cancel Younique's federal trademark registration for the YOUNIQUE PRODUCTS & Design logo (Proceeding No. 92062064), and this cancellation action is currently pending before the U.S. Trademark Trial & Appeal Board, an administrative tribunal of the United States Patent & Trademark Office (USPTO).

5. As a result of Dr. Youssef's written correspondence, Dr. Youssef's unequivocal allegations and demands included in his correspondence, and Dr. Youssef's formal adversarial filings, Younique's trademark rights are being directly threatened, and Dr. Youssef has created an actual, definitive, and justiciable case and controversy regarding Younique's use and registration of its YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo. Through judicial intervention, Younique seeks to remove the cloud that Dr. Youssef has cast over Younique's marks.

6. Accordingly, Younique seeks a declaratory judgment that: (a) Younique's use of the YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo have not infringed or otherwise violated any of Dr. Youssef's federal, state, or common law trademark rights, including but not limited to rights arising under 15 U.S.C. §§ 1114 and 1125 and Utah Code Ann. § 70-3a-402; (b) there is no likelihood of consumer confusion between Younique's YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo and Dr. Youssef's YOUNIQUE mark; (c) in the event that Dr. Youssef possesses any enforceable trademark dilution rights under federal, state, or common law, Younique has not violated and is not actually or likely to violate such rights, including but not limited to under 15 U.S.C. § 1125 and Utah Code Ann. § 70-3a-403, and including but not limited to under blurring and tarnishment theories; and (d) Younique has not and is not unfairly competing with Dr. Youssef, and has not and is not committing any deceptive trade practices or any other type of tortious activity in violation of federal, state, or common law,

including but not limited to under 15 U.S.C. § 1125 and Utah Code Ann. §§ 13-5a-103 and 13-11a-4.

## THE PARTIES

7. Younique, LLC is a Utah limited liability company with its principal place of business at 2889 Ashton Boulevard, Suite 150, Lehi, Utah 84043.  Younique's products are sold inside and outside the State of Utah.

8. On information and belief, Mark M. Youssef is a United States citizen residing in California with a principal place of business at 1551 Ocean Avenue, Suite 200, Santa Monica, California 90401.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Dr. Youssef because, on information and belief, Dr. Youssef sells products, offers products for sale, and/or solicits, transacts, and conducts business in the State of Utah, and/or has caused injury within the State of Utah, and/or has otherwise purposely availed himself of the privileges and benefits of the laws of the State of Utah. Additionally, Utah's long-arm personal jurisdiction statutes, Utah Code Ann. § 78-27-22 *et seq.*, confer personal jurisdiction over Dr. Youssef.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

12. This is an appropriate action for declaratory relief under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  As discussed above, Dr. Youssef has created an actual, definitive, and justiciable case and controversy regarding Younique's use and registration of

its YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo, and this case and controversy are of sufficient immediacy to warrant judicial intervention and declaratory relief.

## BACKGROUND FACTS

**Younique And Its YOUNIQUE-Branded Cosmetics, Skincare, And Beauty Products**

13. Younique sells a wide variety of YOUNIQUE-branded cosmetics, skincare, and beauty products, including eye shadow, eyebrow gel, eyeliner, mascara, lipstick, lip gloss, tinted cream, concealer, primer, brushes, and other cosmetic accessories. Younique began selling its YOUNIQUE-branded products in 2012, and since then, such sales have been uninterrupted. The company's website is https://www.youniqueproducts.com/.

14. In addition to operating commercially in the United States, Younique also operates commercially in Canada, Australia, New Zealand, Mexico, Germany, and the United Kingdom.

15. A fundamental tenet of Younique's business and marketing efforts is a commitment to uplifting, empowering, and validating women and enabling women to realize their potential for personal growth and financial reward. Accordingly, in addition to more traditional trade channels, Younique sells its YOUNIQUE-branded products through direct sales associates, *i.e.*, individuals who market and sell Younique's products, for example, at parties, other events, and one-on-one demonstrations.

16. As mentioned above, Younique owns federal trademark registrations for its YOUNIQUE PRODUCTS & Design logo and its "Flourish" design that is incorporated into its YOUNIQUE PRODUCTS & Design mark. *See* Exhibit 1 (registration certificates). At no point during the registration process for these two marks did the USPTO ever take the position that Younique's applied-for marks were confusingly similar to Dr. Youssef's existing registration for the YOUNIQUE mark. Similarly, Dr. Youssef never challenged Younique's use or registration of Younique's marks until after Younique registered its YOUNIQUE PRODUCTS & Design logo,

despite Dr. Youssef having the opportunity to oppose the applications at the U.S. Trademark Trial and Appeal Board before the marks registered.

17. Although Younique has sold its YOUNIQUE-branded products for approximately three years in the United States, and although Dr. Youssef purports to have used his YOUNIQUE mark during this entire time, <u>Younique is not aware of a single instance of consumer confusion</u> involving Younique and Dr. Youssef.

18. Younique's good faith is also not in question. Younique did not adopt the YOUNIQUE word mark or YOUNIQUE PRODUCTS & Design logo with the intent to create a likelihood of confusion or deception, or to capitalize or trade on any goodwill that Dr. Youssef may have developed in the YOUNIQUE mark or any aspect of Dr. Youssef's plastic surgery practice or other commercial activities. Rather, Younique's mark reflects its aforementioned efforts to empower women and ultimately build self-esteem through high-quality products that encourage inner and outer beauty while also providing opportunities for personal growth and financial reward.

**Dr. Youssef And His YOUNIQUE-Branded Cosmetic Surgery Services And Products**

19. Dr. Youssef is a plastic surgeon whose "Younique Cosmetic Surgery" practice is located in Santa Monica, California.

20. In addition to Dr. Youssef's aforementioned federal registration for the YOUNIQUE mark covering cosmetic surgery (which as mentioned above the USPTO never cited against Younique's applications), Dr. Youssef also owns a pending federal trademark application for the YOUNIQUE mark covering various medicated and non-medicated cosmetics (Serial No. 86/446,733). Although Dr. Youssef has represented to the USPTO that he is <u>currently</u> using the YOUNIQUE mark in United States commerce in connection with <u>all</u> of the medicated and non-medicated cosmetics included in his pending application, in fact, on information and belief, Dr. Youssef has never used the YOUNIQUE mark in United States commerce in connection with

many of his applied-for cosmetics, including but not limited to, "anti-bruising gels and creams," "eyelash conditioner," "shaving cream," and "skin bleaching creams."

21. Furthermore, on information and belief, even if Dr. Youssef previously used the YOUNIQUE mark in United States commerce in connection with all of his applied-for cosmetics at some point in the past, Dr. Youssef was no longer using the YOUNIQUE mark in connection with these products when he represented to the USPTO in his pending trademark application that he was <u>currently</u> using the YOUNIQUE mark in connection with all such products.

22. As mentioned above, (a) Dr. Youssef previously sent a cease-and-desist letter to Younique in which Dr. Youssef alleged trademark infringement under both federal and common law, a likelihood of consumer confusion, and economic harm, and demanded that Younique immediately cease using its YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo; and (b) Dr. Youssef has formally petitioned to cancel Younique's federal registration covering the YOUNIQUE PRODUCTS & Design logo, and that cancellation proceeding remains pending.

**Dr. Youssef's Prior Representations To The USPTO Directly Contradict His New Allegations**

23. Dr. Youssef's allegations in his cease-and-desist letter and the cancellation proceeding are squarely contradicted by Dr. Youssef's own prior representations to the USPTO. Specifically, in connection with a now-abandoned application for the YOUNIQUE mark, Dr. Youssef unequivocally represented to the USPTO as follows:

> In this regard, it should be recognized that the applicant herein [Dr. Youssef] is a medical doctor (as indicated on the applicant's trademark specimen filed with this application). <u>The applicant's medical services are very specialized treatment services of the type that would be administered by a doctor or a licensed practitioner who is skilled in administering such services. Moreover, the applicant's medical services will be performed at a particular medical facility</u> (e.g., a doctor's office, clinic, etc.) that is associated with a medical practice.
>
> <u>On the other hand, the (non-medicated) cosmetics of the registrant would not typically be distributed by or associated with any particular medical doctor or medical practice.</u> What is more, a medical doctor or licensed practitioner is usually not required to administer the registrant's cosmetics. <u>In fact, the</u>

> registrant's cosmetics would be expected to be sold from a drugstore, convenience store, supermarket, or the like, rather than from a particular medical facility like that from which the applicant's treatment services are administered and from which care would be offered to a patient during and following treatment.
>
> **Accordingly, it is submitted that the nature and use of the applicant's medical treatment services and the registrant's cosmetics are clearly distinguishable as are the channels of trade and the points of purchase and administration associated therewith.  Hence, in the distinctly different market places where the respective services and goods of the applicant and registrant will be marketed, purchased and administered, it is submitted that confusion as to the source of these services and goods is unlikely**.

*See* Dr. Youssef Aug. 27, 2007 Office Action Response on behalf of his application for the mark YOUNIQUE (Serial No. 77/022,914), while discussing a third-party registration for the YOUNIQUE & Design mark that, like Younique's trademarks at issue here, covers make-up.  (Emphasis added.)

24. In sum, for many reasons, and as Dr. Youssef previously conceded, no likelihood of confusion has been or will be created by Younique's use of the YOUNIQUE word mark or YOUNIQUE PRODUCTS & Design logo.

## COUNT I
## Declaration Of Non-Infringement

25. Younique repeats and realleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

26. For the reasons discussed above, an actual case and controversy exist between Younique and Dr. Youssef regarding Younique's use and registration of the YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo.

27. The actual case and controversy that currently exist between Younique and Dr. Youssef relate directly to whether Younique's use and registration of the YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo infringe Dr. Youssef's trademark or otherwise violate any of Dr. Youssef's rights.

28. Younique has not infringed and is not infringing Dr. Youssef's trademark or otherwise violating any of Dr. Youssef's rights.

29. Accordingly, Younique is entitled to judicial declarations that (a) Younique has not infringed or violated any of Dr. Youssef's federal, state, or common law trademark rights, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125, and Utah Code Ann. § 70-3a-402; and (b) there is no likelihood of consumer confusion between Younique's YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo and Dr. Youssef's YOUNIQUE mark.

## COUNT II
## Declaration Of No Trademark Dilution

30. Younique repeats and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. The actual case and controversy that currently exist between Younique and Dr. Youssef relate directly to whether Younique is actually diluting or likely to dilute Dr. Youssef's YOUNIQUE mark.

32. Even were Dr. Youssef to possess any enforceable trademark dilution rights under federal, state, or common law, Younique has not diluted and is not diluting Dr. Youssef's YOUNIQUE mark, and Younique will not and is not likely to dilute Dr. Youssef's mark in the future.

33. Accordingly, in the event that Dr. Youssef possesses any enforceable trademark dilution rights under federal, state, or common law, Younique is entitled to a judicial declaration that Younique has not violated any such rights, including but not limited to under 15 U.S.C. § 1125 and Utah Code Ann. § 70-3a-403, and including but not limited to under blurring and tarnishment theories.

## COUNT III
## Declaration Of No Unfair Competition, Deceptive Trade Practices, Or Other Tortious Activity In Violation Of Any Federal, State, Or Common Law

34. Younique repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35. The actual case and controversy that currently exist between Younique and Dr. Youssef relate directly to whether Younique has unfairly competed with Dr. Youssef, committed deceptive trade practices, and/or committed other business torts.

36. Younique has not and is not competing unfairly with Dr. Youssef, and Younique has not and is not committing any deceptive trade practices or any other type of tortious activity.

37. Accordingly, Younique is entitled to a judicial declaration that Younique has not competed unfairly with Dr. Youssef and has not committed any deceptive trade practices or any other torts in violation of any federal, state, or common law, including but not limited to under 15 U.S.C. § 1125 and Utah Code Ann. §§ 13-5a-103 and 13-11a-4.

## PRAYER FOR RELIEF

WHEREFORE, Younique respectfully prays that this Court enter judgment for Younique and against Dr. Youssef as follows:

A. Declaring Younique has not infringed or violated and is not infringing or violating any of Dr. Youssef's federal, state, or common law trademark rights, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125 and Utah Code Ann. § 70-3a-402;

B. Declaring there is no likelihood of consumer confusion between Younique's YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo and Dr. Youssef's YOUNIQUE mark;

C. Declaring Younique has not violated and is not actually or likely to violate any of Dr. Youssef's federal, state, or common law trademark dilution right (to the extent that Dr. Youssef possesses any such rights), including but not limited to those arising under 15 U.S.C. § 1125 and Utah Code Ann. § 70-3a-403, and including but not limited to blurring and tarnishment theories;

D. Declaring that Younique has not and is not competing unfairly with Dr. Youssef, and has not and is not committing any deceptive trade practices or any other type of tortious activity in

violation of federal, state, or common law, including but not limited to under 15 U.S.C. § 1125 and Utah Code Ann. §§ 13-5a-103 and 13-11a-4;

  E. Ordering the U.S. Trademark Trial and Appeal Board to dismiss with prejudice the pending cancellation No. 92062064 captioned *Mark M. Youssef v. Younique, LLC*, in which Dr. Youssef seeks cancellation of Younique's registration for the YOUNIQUE PRODUCTS & Design logo;

  F. Permanently enjoining Dr. Youssef from taking any action against Younique that arises out of Younique's use and registration of the YOUNIQUE word mark and YOUNIQUE PRODUCTS & Design logo;

  G. Finding this to be an "exceptional case" within the meaning of Section 35 of the Lanham Act (15 U.S.C. § 1117) and awarding Younique its reasonable attorneys' fees and costs under that provision, as well as under Utah Code Ann. § 13-11a-4(2)(c); and

  I. Granting Younique such further relief, in law and/or equity, as the Court deems just and proper.

Dated: November 5, 2015

        /s/  Mark A. Miller
        Mark A. Miller (State Bar No. 9563)
        **HOLLAND & HART LLP**
        222 South Main Street
        Salt Lake City, UT 84101
        Telephone: (801) 799-5805
        Facsimile: (801) 799-5700
        mamiller@hollandhart.com

        Adam Siegartel (*pro hac vice* to be filed)
        Lee M. Popkin (*pro hac vice* to be filed)
        **PROSKAUER ROSE LLP**
        11 Times Square
        New York, NY 10036
        Telephone: 212.969.3000
        Facsimile: 212.969.2900
        asiegartel@proskauer.com